IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

**FILED**

**SEP 2 3 2005**

CLERK, US DISTRICT COURT, WDNY

UNITED STATES OF AMERICA,

Civil Action:
00-CV-0784 A(M)

Plaintiff,

-vs-

Laurence D. Ellis, Carol Ann Ellis
Envirogas, Inc., HSBC Mortgage Corporation (USA) f/k/a
Marine Midland Bank, N.A., Energy Control Unlimited, Inc.,
Commissioner of Tax & Finance, Belden & Blake Corporation,
Christopher Ellis

Defendants.

## JUDGMENT OF FORECLOSURE AND SALE

On the original Summons and duly Verified Complaint
and Notice of Pendency of this action, all filed in the
office of the Clerk of this Court, and upon due proof of
service upon each of the defendants in this action, and
upon the Affidavit of Gerald N. Murphy, sworn to on August
23, 2005, by all of which it appears to the satisfaction of
this Court that the plaintiff is in all respects entitled
to a default judgment pursuant to Rule 55 of the Federal
Rules of Civil Procedure and Section 1321 of the New York
Real Property Actions and Proceedings Law, now, upon the
motion of the United States of America, it is

ORDERED, ADJUDGED AND DECREED, as follows:

That the mortgaged premises described in the Complaint, as hereinafter set forth, being more commonly known as, Route 62, Box 105, Ruckh Hill Road, Leon, New York, a parcel of land comprised of 120 acres improved with a single family residence and various out buildings, be sold in and as one parcel, as a sale in one parcel will be most beneficial to the interests of the parties;

That the sale be conducted at public auction at the Lobby of the of the Cattaraugus County Courthouse, located at Supreme Court County Center, 303 Court Street, Little Valley, New York, by and under the direction of Peter A. Lawrence, United States Marshal for the Western District of New York, who is hereby directed to make the sale of said premises.

The United States Marshal shall give public notice of the time and place of sale as follows:

That he cause to be sent by mail, a copy of the Notice of Sale by depositing the same in a prepaid wrapper addressed to:

Laurence D. Ellis
c/o John R. Bloise, Esq.
House of Shops Plaza
283 South Hamilton Street
Painted Post, NY  14870

Carol Ann Ellis
c/o John R. Bloise, Esq.
House of Shops Plaza
283 South Hamilton Street
Painted Post, NY  14870

Envirogas, Inc.
100 East Chautauqua Street
Mayville, NY  14757

HSBC Mortgage Corporation (USA)
f/k/a Marine Midland Bank, N.A.
c/o Michael T. Ryan & Scott D. Miller
ONe HSBC Center - 27th Floor
Buffalo, NY  14203
Attn:  Colleen A. Kazmark, Paralegal

Energy Control Unlimited, Inc.
Washington Avenue
Albany, New York

Commissioner of Tax & Finance
Eliot Spitzer, Attorney General
The Capitol
Albany, NY  12224
Attn: Susan M. Cuff, Paralegal

Belden & Blake Corporation
5200 Stoneham Road
North Canton, Ohio  44720

Christopher Ellis
11969 Ruckh Hill Road
Leon, NY  14751

That he post copies of the Notice of Sale in three (3) conspicuous public places in Cattaraugus County, New York, where the premises are located;

That he cause the Notice to be published once weekly for four consecutive weeks in the **The Salamanca Press**, a newspaper of general circulation published in Cattaraugus County, where the mortgaged premises are located.  The Notice need not contain the full legal description of the property as set forth in Schedule A, but may refer to the property as Route 62, Box 105, Ruckh Hill Road, Leon, New York.

The plaintiff or any other party to this action may become a purchaser on such sale.

The United States Marshal shall execute to the purchaser on such sale a deed of the premises sold and upon receiving the proceeds of sale, forthwith pay the following items:

FIRST, his fees and commissions on the said sale not exceeding, however, the sum of $300.00;

SECOND, advertising expenses as shown on bills to be specified in his Report of Sale;

THIRD, the sum of $805.00 hereby adjudged to constitute plaintiff's costs in this action, with interest thereon from the date hereof, the sum of $1,950.00 for reasonable attorney's fees as supported by the affidavit submitted herewith, hereby awarded to the Plaintiff in addition to costs, and also the sum of $124,058.54, with interest thereon from 6/9/2005, the amount owing to the Plaintiff and secured by the mortgage which is the subject of this action, or so much thereof as the purchase money of the mortgaged premises will pay of the same.

That, in case the plaintiff is the purchaser of the mortgaged premises at the sale, or in the event the rights of the purchaser at the sale and the terms of sale under this judgment shall be assigned to and acquired by the plaintiff and a valid assignment thereof filed with the United States Marshal, the United States Marshal shall not require the plaintiff to pay in cash, the entire amount bid at said sale, but shall execute and deliver to plaintiff a deed of the premises sold upon payment to the United States Marshal of the amounts specified above in items marked

"FIRST" and "SECOND"; that the balance of the amount bid,
after deducting there from the amounts paid by the
plaintiff, shall be allowed to the plaintiff as specified
above in item marked "THIRD"; that if, after so applying
the balance of the amount bid there shall be a surplus over
and above the said amounts due to the plaintiff, the
plaintiff shall pay to the United States Marshal, upon
delivery to it of said United States Marshal's deed, the
amount of such surplus; and that the United States Marshal
then shall make the payments as herein directed.

That the United States Marshal take the receipt of the
plaintiff or its attorney, for the amounts paid as
hereinabove directed in item marked "THIRD" and file it
with his Report of Sale;

That the surplus moneys, if any, be then deposited in
the Registry of this Court, to be withdrawn only on the
order of this Court;

That the United States Marshal make his report of such
sale and file it with the Clerk of this Court with all
convenient speed; that if the proceeds of the sale be
insufficient to pay the amounts herein directed to be paid

to plaintiff, with the expenses of sale, interest, costs, and allowances, as aforesaid, the United States Marshal specify the amount of such deficiency in his Report of Sale.

The purchaser on such sale shall be let into possession of the premises sold upon production of the United States Marshal's deed to such premises; and that it is still further

ORDERED, ADJUDGED AND DECREED that each and every one of the defendants in this action, and all persons claiming under them or any or either of them after the filing of the Notice of Pendency of this action, be and they are forever barred and foreclosed of all right, title, interest, claim, lien and equity of redemption in and to the mortgaged premises and each and every part and parcel thereof, and it is further

ORDERED, ADJUDGED AND DECREED, that the plaintiff may apply at the foot of this judgment, after sale hereunder, pursuant to the provision of Section 1371 of the Real Property Actions and Proceedings Law, for judgment against the defendant(s), Laurence D. Ellis, Carol Ann Ellis, **for**

**such deficiency**, if any, to which the Court shall deem the plaintiff to be entitled.

The description of the said premises is attached hereto.

DATED:  Buffalo, NY _Sept. 23_ , 2005.

HONORABLE: Richard J. Arcara
UNITED STATES DISTRICT JUDGE

*Laurence Ellis*

## SCHEDULE A

Description of Mortgaged Land

**ALL THAT TRACT OR PARCEL OF LAND**, situate in the Town of Leon, County of Cattaraugus and State of New York, distinguished as being part of Lot 38, in the 4th Township and 9th Range of the Holland Land Company's Survey and bounded as follows:

BEGINNING on the west bounds of said Lot 38 at the distance of 3 chains, 54 links north from the southwest corner thereof; running thence east on a line parallel to the south bounds of said lot, 44 chains and 24 links; thence north on a line parallel to the east bounds of said lot 9 chains and 40 links; thence west on a line parallel to the south bounds of said lot, 44 chains 27 links to the west bounds thereof; thence south along the west bounds 9 chains, 40 links to the place of beginning, containing 41 - ½ acres more or less.

**ALSO, ALL THAT TRACT OR PARCEL OF LAND**, situate in the Town of Leon, County of Cattaraugus and State of New York, distinguished as being part of Lot No. 38, in the 4th Township and 9th Range of the Holland Land Company's Survey, and bounded as follows:

COMMENCING on the east line of said lot at the northeast corner of the premises conveyed by Hester T. Dudley and Richard Dudley to John E. Ward by deed dated December 28, 1914 and recorded in Cattaraugus County Clerk's Office January 13, 1915 in Liber 241 of Deeds at page 628; running thence west on the north line of the premises so conveyed, 15 chains 10 links to the northwest corner of said premises; thence south on the west line of the lands so conveyed 9 chains and 40 links; thence east parallel to the first described boundary 15 chains, 10 links to the east line of said lot; thence north on the east line of said Lot 9 chains, 40 links to the place of beginning, containing more or less.

**ALSO, ALL THAT TRACT OR PARCEL OF LAND**, situate in the Town of Leon, County of Cattaraugus and State of New York, distinguished as being the west part of lot thirty in the fourth town and ninth range of the Holland Land Company's Survey: Bounded as follows:

COMMENCING at the south west corner of said lot; thence east on the south bounds of said lot sixteen chains fifty four links; thence north on a line parallel with the east bounds of said lot at the distance of forty four chains and nine links west therefrom sixty chains seventy six links to the north bounds of said lot; thence west along the north bounds of said lot sixteen chains forty seven links to the north west corner of said lot; thence south on the west bounds of said lot sixty chains seventy five links to the place of beginning. Containing one hundred acres more or less.

**ALSO ALL THAT TRACT OR PARCEL OF LAND**, situate in the Town of Leon, County of Cattaraugus and State of New York, distinguished as being the north west part of Lot No. 29 in the fourth township and ninth range of Townships of the Holland Land Company's Survey and bounded north by the north line of said lot sixteen chains fifty four links west by the west line of said lot twelve chains and nine links, south by a line parallel to the north line of said lot sixteen chains and fifty four links, east by a line parallel to the west line of said lot twelve chains and nine links, containing twenty acres of land be the same more or less.

EXCEPTING AND RESERVING from the above described premises the following described premises which were released from the lien of mortgage to be foreclosed pursuant to Partial Release of Mortgage

dated May 28, 1987 and recorded June 9, 1987 in Liber 732 of Mortgages at page 917.

PARCEL A

ALL THAT TRACT OR PARCEL OF LAND, situate in the Town of Leon, County of Cattaraugus and State of New York, distinguished as being part of Lot 38, in the 4th township and 9th range of the Holland Land Company's Survey and bounded as follows:

BEGINNING on the west bounds of said Lot 38 at the distance of 3 chains, 54 links north from the southwest corner thereof; running thence east on a line parallel to the south bounds of said lot, 44 chains and 24 links; thence north on a line parallel to the east bounds of said lot 9 chains and 40 links; thence west on a line parallel to the south bounds of said lot, 44 chains, 27 links to the west bounds thereof; thence south along the west bounds 9 chains, 40 links to the place of beginning, containing 41 ½ acres more or less.

PARCEL B

ALL THAT TRACT OR PARCEL OF LAND, situate in the Town of Leon, County of Cattaraugus and State of New York, distinguished as being part of Lot No. 38, in the 4th Township and 9th Range of the Holland Land Company's Survey, and bounded as follows:

COMMENCING on the east line of said lot at the northeast corner of the premises conveyed by Hester T. Dudley and Richard Dudley to John E. Ward by deed dated December 28, 1914 and recorded in Cattaraugus County Clerk's Office January 13, 1915 in Liber 241 of Deeds at page 628; running thence west on the north line of the premises so conveyed, 15 chains 10 links to the northwest corner of said premises; thence south on the west line of the lands so conveyed 9 chains and 40 links; thence east parallel to the first described boundary 15 chains, 10 links to the east line of said lot; thence north on the east line of said lot 9 chains, 40 links to the place of beginning, containing more or less.